```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

DARRELL MONETTE                *         CIVIL ACTION

VERSUS                         *         NO: 06-3425

COX COMMUNICATIONS             *         SECTION: "D"(5)
LOUISIANA, L.L.C., ET AL
```

### ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiff, Darrell Monette. Defendant, Cox Communications Louisiana, L.L.C. (Cox), filed a memorandum in opposition. The motion, set for hearing on Wednesday, August 30, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the matter should be remanded for lack of subject matter jurisdiction.

### I.  Background

In his Petition, filed in state court on **March 8, 2006**, Plaintiff alleges that he was hired by Cox as a "premier salesman," and after he obtained certain multi-million dollar contracts, "Cox refused to pay him the promised commissions, failed to promote him

and continuously and repeatedly subjected him to a hostile work environment, all on account of his race." (*See* Petition attached to Notice of Removal, at ¶I). In addition to naming Cox as a Defendant, Plaintiff also names individual Defendants (Olin Kropog, Michael Smith, Terrie Natal and Gwen Knehr) who are alleged to be managers and/or administrators of Cox.[1]

Plaintiff alleges that: he is a citizen of Louisiana; Cox is a foreign corporation domiciled in Wilmington, Delaware, having its principle business establishments in Louisiana; and the individual Defendants are all domiciled in Louisiana (either in Jefferson Parish or St. Bernard Parish). Plaintiff sues Defendants for employment discrimination based on race, unjust enrichment, intentional and/or negligent infliction of emotional distress and mental anguish, and breach of contract, all under Louisiana law.

It is undisputed that Cox was served with Plaintiff's Petition on **March 31, 2006**. (Cox's Opp. at 6).

On **June 30, 2006**, Cox removed the matter to this court based on diversity jurisdiction. In its removal papers, Cox recognizes that Plaintiff is allegedly a citizen of Louisiana, but Cox states it is a Delaware corporation with its principal place of business

---

[1] Plaintiff also names as Defendants: Cox Enterprises, Inc., a Delaware corporation with its principal place of business in Atlanta, Georgia; and ABC Insurance Company.

in Atlanta Georgia, and thus is a citizen of the States of Delaware and Georgia. With respect to the individual Defendants (who again are all alleged to be domiciled in Louisiana), Cox represents that Plaintiff failed to request service of the Petition on them within ninety days of filing the Petition as required by Louisiana Code of Civil procedure 1201(C), and thus Cox maintains that the Petition against the individual Defendants is "absolutely null." (*See* Notice of Removal at ¶8).

Cox further represents that it filed its Notice of Removal within 30 days of June 6, 2006, "the last day on which Plaintiff could request service of the Petition upon the Individual Defendants ... under La. C.C.P. Art. 1201(c), but before the time for filing this Notice of Removal pursuant to 28 U.S.C. §1446(b) expired." (*Id*. at ¶ 11).

In his Motion to Remand, Plaintiff argues that this matter should go back to state court because: (1) Cox's notice of removal was not filed within the 30-day period allowed by 28 U.S.C. §1446; (2) there is no federal question at issue;[2] (3) there is a lack of complete diversity;[3] (4) Cox previously waived their objection to

---

[2] Cox does not dispute that Plaintiff "does not assert a cause of action under federal law." (Opp. at 5). Thus, the court will not address Plaintiff's argument that there is no federal question.

[3] Plaintiff does not contest that the matter in controversy exceeds $75,000.

jurisdiction by making a general appearance in state court; and (5) there has been no fraudulent joinder of the individual Defendants.

## II.  Legal Analysis

Pursuant to the removal statute, 28 U.S.C. §1441:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined <u>and served</u> as defendants is a citizen of the State in which such action is brought.**

28 U.S.C. §1441 (emphasis added).

In this matter, Plaintiff argues that this court lacks original jurisdiction because complete diversity does not exist between the parties; namely, Plaintiff asserts that he is a citizen of Louisiana and so too are each of the individually named Defendants.  For purposes of Plaintiff's Motion to Remand, Cox does

not contest that either some or all of the individual defendants are citizens of Louisiana, and Cox does not contest that Plaintiff has pled arguably valid state law claims asserted against the individual Defendants.  (Cox's Opp. at 13-14).

However, Cox contends the individual Defendants are "improperly joined" because:

> Plaintiff failed to request the issuance of citation and service upon the Individual Defendants within the ninety (90) day period allowed under Louisiana law.  *See* La. C.C.P. Art 1201(C).[4]  Indeed, Plaintiff has never

---

[4]  Louisiana Code of Civil Procedure Article 1201(C) provides in pertinent part:  "Service of the citation shall be requested on all named defendants within ninety days of commencement of the action."

Louisiana Code of Civil Procedure Article 1672(C) provides that:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), **upon contradictory motion** of that person or any party or upon the court's own motion, u**nless good cause is shown why service could not be requested**, in which case the court may order that service be effected within a specified time.

La.C.C.P. Art. 1672(C) (emphasis added).

Cox argues that "because Plaintiff filed this action on March 8, 2006, he was required to request issuance of citation and service on the Individual Defendants on or before June 6, 2006.  Plaintiff failed to do so, however, and, as a result, is now barred from proceeding against those defendants in state court."  (Cox's Opp. at 15-16).  However, no motion to dismiss pursuant to La.C.C.P. 1672(C) was filed in state court.

While this court need not decide whether or not Plaintiff could show good cause why service the individual defendants could not be requested (within the 90 day period set forth in La.C.C.P. Art. 1201(C)), the court notes that Cox argues that "it was [Plaintiff's] own delay in initiating any discovery he believed necessary that prevented him from acquiring that information in a timely fashion" and Plaintiff could have requested "service

5

> requested the issuance of citation and service on the Individual Defendants and, thus, there is no possibility that he will be able to pursue his claims against any of them in State Court.

(Cox's Opp. at 14).

In essence, Cox is arguing that because the individual defendants were not served within 90 days after the lawsuit was filed, they became "fraudulently joined." However, as a matter of law, the court finds that Cox's argument is misplaced because the individual defendants' non-diverse citizenship cannot be ignored simply because they were unserved defendants. As the Fifth Circuit has instructed:

> A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant.

---

upon any and all of the Individual Defendants at their place of employment." (Cox's Opp. at 17-18).

However, Plaintiff represents that:

> [he] was unable to promptly determine the individual defendants' addresses for good reasons, including defendants' likely displacement after Hurricane Katrina, especially for Defendants Natal and Knehr who reportedly live in St. Bernard Parish. Plaintiff was also stymied in serving those individual defendants by their employer's refusal to provide their addresses.

(Plaintiff's Reply Memo. at 4).

In any event, such arguments (by both Plaintiff and Defendant) would have been more appropriately asserted if Cox had filed a Motion to Dismiss pursuant to La.C.C.P. 1672(C) in state court.

6

> Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service. [string citation of cases omitted]

*New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998).

As one district court explained in a similar situation,

> Defendant's theory is that [the non-diverse defendant's] presence as a named party will not prevent removal under 28 U.S.C. Section 1441(b) because he was not served with process when the case was removed. Unfortunately, defendant overlooks the fact that any case removed to federal court must also comply with 28 U.S.C. Section 1441(a), i.e., the suit must be originally cognizable in a federal district court-only then will the provisions of Section 1441(b) become operative. In other words, the provision in Section 1441(b) does not qualify the requirement in Section 1441(a) that there must be complete diversity between the opposing parties; it merely adds the requirement in removal cases based on diversity that the joined and served defendants cannot include one from the state in which the action is brought.

*Schwegmann Bros. Giant Super Markets, Inc. v. Pharmacy Reports, Inc.*, 486 F.Supp. 606, 614 (E.D.La. 1980)(Cassibry, J.)(footnote quoting 28 U.S.C. §1441 omitted).[5]

To construe the language of §1441 otherwise "would court

---

[5] The removal statute, 28 U.S.C. §1441, is quoted in pertinent part on page 4, *supra*, of this opinion.

needless jurisdictional problems." *Norplant Contraceptive Products Liability Litigation*, 889 F.Supp. 271, 276 (E.D.Tx. 1995)(Schell, J.)(citation omitted).  Thus, the court concludes that the fact that the individual Defendants were not served within the 90 day period set forth in La.C.C.P. Art 1201(C) does not create a fraudulent joinder situation.

Finally, the court also finds that Cox's Notice of Removal was untimely.  Pursuant to 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has not then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. §1446(b).

Cox was served with Plaintiff's state-filed Petition on **March 31, 2006**, and Plaintiff argues that Cox should have filed its

Notice of Removal no later than April 30, 2006. However, Cox did not file its Notice of Removal until **June 30, 2006**. Cox argues that its removal was timely because it was within 30 days of June 6, 2006 (the last day on which Plaintiff could have timely requested service of citation on the individual Defendants). In making this argument, Cox relies on the wording of 28 U.S.C. §1441(b) which Cox interprets as

> creat[ing] two (2) thirty (30) day periods: the first of which is applicable to cases that are removable at the time of original filing; and the second of which is applicable to cases - like this one- that become removable only *after* the time of original filing.

(Cox's Opp. at 7).

However, again Cox's argument is misplaced, because as discussed above, the service status of a non-diverse defendant is not relevant in determining diversity jurisdiction, and the passage of the 90 days set forth in La.C.C.P. 1201(C) did not automatically extinguish Plaintiff's claims against the non-diverse individual Defendants. Thus, the court concludes that Cox should have filed its Notice of Removal within 30 days of **March 31, 2006**, which was the date Cox was served with Plaintiff's petition.

Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion to Remand"** be and is hereby **GRANTED**, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **30th** day of **August**, **2006**.

```
                          _____
                                 A.J. McNAMARA
                          UNITED STATES DISTRICT JUDGE
```